W. T. KENNEDY *v.* FRANCIS McELROY.

[Abstract Kentucky Law Reporter, Vol. 7—304.]

**Peremptory Instructions.**

Where an appeal is taken because of an alleged error of the trial court in giving a peremptory instruction to bring in a verdict for the defendant, this court can only determine the question of error when the appellant brings before this court by bill of exceptions showing the material facts which the evidence conduced to prove on the trial. In the absence of such a bill of exceptions, duly authenticated, the court will presume the instruction complained of to be proper.

**Judgment on Pleadings Alone.**

While the code (Sec. 386, Civil Code), provides that judgment shall be given for the party whom the pleadings entitle thereto, even though there be a verdict against him, still the court is not authorized to give judgment for the plaintiff if the facts stated in the defendant's pleadings are sufficient to constitute a defense or support a defense.

APPEAL FROM RUSSELL CIRCUIT COURT.

September 29, 1885.

OPINION BY JUDGE LEWIS:

Appellant seeks a reversal upon two grounds: First, that the court erred in instructing the jury to find for the defendant.

Second. That the court erred in not rendering judgment in favor of the plaintiff in the action notwithstanding the verdict of the jury was for the defendant. To determine whether the peremptory instruction should have been given in this case it is necessary, assuming the pleadings make a material issue, that a bill of exceptions be before this court in which is stated the material facts which the evidence conduced to prove on the trial. And in the absence of such a bill of exceptions approved and assigned by the judge of the court, or otherwise authenticated in the manner prescribed by the civil code, we are bound to presume the instruction complained of was properly given.

The code requires that a party excepting shall, during the term at which the judgment appealed from becomes final, prepare his bill of exceptions, unless longer time be given not beyond a day in the succeeding term. But in this case none has ever been prepared or signed. And consequently it does not sufficiently appear from the record before us that any evidence whatever was introduced at the trial by the plaintiff. Moreover, the record fails to show that a motion for a new trial was ever made in the lower court, without which, it is well settled, an appeal will not lie to this court, in a case like this one.

By Sec. 386, Civil Code, it is provided that judgment shall be given for the party whom the pleadings entitled thereto, though there may have been a verdict against him. But the court is not authorized under that section to give judgment for the plaintiff non obstante verdicto if the facts stated in the pleadings of the defendant are sufficient to constitute a defense or support a defense.

This action is for the recovery of a certain tract of land described in the petition, which it is alleged the plaintiff is the owner and entitled to the possession of, and which the defendant has without right unlawfully kept her out of the possession of. In his answer the defendant traverses each statement of the petition, and also pleads and relies on an uninterrupted adverse claim and possession for fifteen years before the commencement of the action. In her reply the plaintiff traverses the affirmative statements of the answer and then the issues are formed.

Therefore, as there is nothing in the case to show that the verdict of the jury was palpably against the evidence, and the defense to the action was sufficiently and accurately pleaded, this court is not authorized to reverse the judgment of the lower court and it is affirmed

Judgment *affirmed.*

J. E. Hays, for appellant.

Jas. Garnett, J. F. Montgomery, for appellee.